UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MELVYN ROSALES,

        Plaintiff,

   v.

CAREER SYSTEMS DEVELOPMENT CORPORATION, a Delaware corporation; and Does 1 through 10, inclusive,

        Defendants.
_____/

NO. CIV. 2:08-1383 WBS-KJM

ORDER

----oo0oo----

        Jury trial was commenced in this matter on August 10, 2010. After plaintiff rested his case in chief, defendant Career Systems Development Corporation moved for judgment as a matter of law, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The court took the motion under submission, pursuant to Rule 50(b), and the matter was submitted to the jury. On August 20, 2010, the jury returned a partial verdict in favor of plaintiff on his claim of age discrimination, and awarded damages in the sum of $238,000. The jury failed to agree upon

1

1  a verdict on plaintiff's claim of race discrimination, and further
2  failed to agree on the question of whether plaintiff was entitled to
3  punitive damages.  The court accordingly declared a mistrial on
4  plaintiff's claims of race discrimination and punitive damages and
5  discharged the jury.
6          On September 20, 2010, the court heard arguments on
7  plaintiff's Rule 50(a) motion, granted the motion on plaintiff's claim
8  of race discrimination, denied the motion on plaintiff's claim for age
9  discrimination, and set the matter for new trial on the issue of
10 punitive damages on the age discrimination claim on March 22, 2011.
11         Presently before the court is defendant's renewed motion for
12 judgment as a matter of law pursuant to Rule 50(b), or in the
13 alternative for new trial pursuant to Rule 59(a) of the Federal Rules
14 of Civil Procedure, on the grounds that the evidence was insufficient
15 to support the verdict.
16         A motion for judgment as a matter of law on a claim may be
17 granted under Rule 50 only if there was no legally sufficient basis for
18 a reasonable jury to find for the plaintiff on that claim. Costa v.
19 Desert Palace, Inc., 299 F.3dd 838, 859 (9th Cir. 2002).  The court
20 must draw all reasonable inferences in favor of the plaintiff and may
21 not make credibility determinations or weigh the evidence. Johnson v.
22 Paradise Valley Unified Sch. Dist., 251, F.3d 1222, 1217 (9th Cir.
23 2001).
24         No new arguments have been presented in support of
25 defendant's renewed motion which were not considered by the court in
26 ruling on the original motion under Rule 50(a).  For the reasons
27 previously expressed, the court concludes that there was substantial
28 evidence to support the jury's award on plaintiff's claim of age

2

discrimination.  As previously found, however, the court concludes that the evidence was insufficient for a reasonable jury to find in favor of plaintiff on his claim of race discrimination.  The court also reaffirms its finding that there was sufficient evidence to go to the jury on plaintiff's claim for punitive damages on his age discrimination claim.

A new trial may be granted under Rule 59(a) when the verdict is against the clear weight of the evidence such that the court is left with the definite and firm conviction that a mistake has been made. <u>Silver Sate Partners, Ltd. V. City of Desert Hot Springs</u>, 251 F.3d 814, 819 (9th Cir. 2001); <u>Landes Const. Co., Inc. v. Royal Bank of Canada</u>, 833 F.2d 1365, 1371-72 (9th Cir 1987).  The court has no reason to conclude that the jury made a mistake in this case.  As stated, there was substantial evidence to support the verdict on plaintiff's claim based on age discrimination.

IT IS THEREFORE ORDERED that defendant's renewed motion for judgment on plaintiff's claim of age discrimination for punitive damages on that claim be, and the same hereby is, DENIED;

AND IT IS FURTHER ORDERED that defendant's motion in the alterative for a new trial be, and the same hereby is, DENIED.

DATED:  October 20, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE